JPMorgan Chase Bank, N.A. v Newton (2022 NY Slip Op 01776)





JPMorgan Chase Bank, N.A. v Newton


2022 NY Slip Op 01776


Decided on March 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-02803
2019-08851
 (Index No. 7120/17)

[*1]JPMorgan Chase Bank, National Association, respondent,
v
Gary Newton, etc., et al., appellants.


Gary G. Newton, sued herein as Gary Newton, also known as Gary G. Newton, Chester, NY, and Sharon Gary-Newton, sued herein as Sharon Newton, also known as Sharon Gary Newton, Chester, NY, appellants pro se.
McCalla Raymer Leibert Pierce, LLC, New York, NY (David Gantz of counsel), for respondent.
In an action to foreclose a mortgage, the defendants appeal from (1) an order of the Supreme Court, Orange County (Robert H. Freehill, J.), dated February 28, 2019, and (2) an order of the same court dated July 15, 2019. The order dated February 28, 2019, insofar as appealed from, denied that branch of the defendants' motion which was to preclude copies of the note and mortgage as inadmissible, denied that branch of the defendants' separate motion which was for leave to serve and file an amended answer, and granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and affirmative defenses, and for an order of reference. The order dated July 15, 2019, insofar as appealed from, denied the defendants' motions (1) for summary judgment on their purported counterclaims, (2) pursuant to CPLR 5015(a) to vacate an order of the same court dated May 1, 2018, (3) to compel disclosure, and (4) for the entry of default orders on certain prior motions.



DECISION & ORDER
By order to show cause dated January 30, 2020, the parties to the appeals were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeals on the ground that the right of direct appeal from the orders terminated upon entry in the action of the order and judgment of foreclosure and sale. Motion by the appellants, inter alia, to review the orders on the appeal from the order and judgment of foreclosure and sale. By decision and order on motion of this Court dated May 22, 2020, the motion to dismiss the appeals and that branch of the appellants' motion which is to review the orders on the appeal from the order and judgment of foreclosure and sale were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and no papers having been filed in response thereto, and upon the papers filed in support of the appellants' motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeals is granted; and it is further,
ORDERED that the appeals are dismissed, without costs or disbursements; and it is further,
ORDERED that that branch of the appellants' motion which is to review the orders on the appeal from the order and judgment of foreclosure and sale is denied as unnecessary (see CPLR 5501[a][1]).
The appeals from the orders must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (JPMorgan Chase Bank, National Association v Newton, ___ AD3d ___ [Appellate Division Docket No. 2019-13595; decided herewith]; see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court